1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Anthony P. Diehl. Esq. (SBN: 342160)
adiehl@lpglaw.com
Litigation Practice Group
17542 17th St Suite 100
Tustin, CA 92780
Tel: (949) 715-0644
Fax: (949) 315-4332

*Attorney for Plaintiff*
*Vieneese Stanton*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND

| | |
|---|---|
| Vieneese Stanton,<br><br>        Plaintiff,<br><br>v.<br><br>Radius Global Solutions LLC,<br>        Defendant. | Case No.: 4:23-cv-00020<br><br>**PLAINTIFF VIENEESE STANTON'S COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**Demand for Jury Trial** |

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

3.  This lawsuit should be assigned to the San Francisco/Oakland Division

COMPLAINT - 1

because a substantial part of the events giving rise to this claim occurred in Contra Costa County.

## PARTIES

4.  Plaintiff, Vieneese Stanton, is a resident of the State of California, in the county of Contra Costa.

5.  Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

6.  Plaintiff incurred a "Debt" as defined in the FDCPA.

7.  Defendant, Radius Global Solutions LLC, is a company with its principal office in the State of Illinois.

8.  Defendant acquired the Debt after it was in default.

9.  Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

10. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

11. At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

12. On or around August 4th, 2022, Plaintiff, by and through their attorneys, notified Defendant in writing that Plaintiff is represented by an attorney with respect to such debt.

13. Despite Defendant having prior notification and knowing that Plaintiff is represented by counsel with respect to such debt, Defendant contacted Plaintiff and attempted to collect on the debt at least one (1) time.

14. Plaintiff's August 4th, 2022, letter notified Defendant that Plaintiff wishes Defendant cease further communications with Plaintiff.

15. Despite Defendant having notification Plaintiff wishes Defendant cease further communications with Plaintiff, Defendant communicated with

Plaintiff and attempted to collect on the debt at least one (1) time.

16. Through its actions described above, Defendant violated the FDCPA.

17. As detailed above, by violating the FDCPA, Defendant also violated California's Rosenthal FDCPA California Civil Code §1788.17.

18. Through its action described above, Defendant violated California's Rosenthal FDCPA California Civil Code §1788.14.

19. Defendant's actions, directly and proximately, caused Plaintiff undue stress, anxiety, and confusion; thereby damaging Plaintiff.

20. As a direct and proximate result of Defendant's actions, Plaintiff expended time and money consulting a lawyer, and/or incurred attorney fees and costs.

### COUNT I – VIOALTION OF FDCPA § 1692c(a)(2)

21. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22. Defendant violated 15 USC § 1692c(a)(2) when it communicated with Plaintiff after knowing Plaintiff is represented by an attorney with respect to such debt.

### COUNT II– VIOLATION OF FDCPA § 1692c(c)

23. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24. Defendant violated 15 USC § 1692c(c) when it communicated with Plaintiff at least one (1) time after having notification Plaintiff wishes Defendant cease further communications with Plaintiff.

### COUNT III – VIOLATION OF FDCPA § 1692e

25. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26. Defendant violated 15 USC § 1692e when it used false and deceptive means to collect on such debt by attempting to collect directly from

Plaintiff after knowing of attorney representation, and by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

### COUNT IV – VIOLATION OF FDCPA § 1692f

27. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28. Defendant violated 15 USC § 1692f when it used unfair or unconscionable means to collect on such debt by attempting to collect directly from Plaintiff after notification of attorney representation, and by attempting to collect from Plaintiff after notification of Plaintiff's wish it cease communications.

### COUNT V – VIOLATION OF C.C.C. §1788.14

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated California Civil Code §1788.14 when it initiated communications with Plaintiff when previously notified that Plaintiff is represented by an attorney with respect to the debt.

### COUNT VI – VIOLATION OF C.C.C. §1788.17

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated California Civil Code §1788.17 when it failed to comply with the provisions of Sections 1692b to 1692j of Title 15 of the United States Code.

### JURY DEMAND

33. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as

determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the California Rosenthal Fair Debt Collection Practices Act, pursuant to California Civil Code §1788.30(b);

d. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3) and California Civil Code §1788.30(c); and

e. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 3, 2023                    By: /s/ Anthony P. Diehl
                                         Anthony P. Diehl, Esq.